**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SET SALVADOR ESQUIVEL ALVARADO,<br>Petitioner,<br>v.<br>WARDEN ADELANTO ICE PROCESSING CENTER, *et al.*,<br>Respondents. | Case No. 5:26-cv-05473-AB-ACCV<br>**ORDER DENYING PETITION AS MOOT** |

On September 16, 2026, Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 alleging that his detention at the Adelanto ICE Processing Center in Adelanto, California, was in violation of the Fourth and Fifth Amendments. (Dkt. 1, 6-7.) On September 30, 2026, the Court issued the Notice of General Order 26-05 and Briefing Schedule. (Dkt. 4.)

On October 6, 2026, Respondents filed Federal Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer"). (Dkt. 7.) In the Answer, Respondents informed the Court that on September 23, 2026, prior to the Court issuing the General Order, Petitioner was removed from the United States. Respondents' attached Petitioner's I-210, Voluntary Departure and Verification of Departure as an exhibit to the Answer. (Dkt. 7-1.)

"A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (citation omitted). To maintain a viable claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *Id*. If there is no longer a possibility that a party can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction. *See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999). "[W]hen, by virtue of an intervening event, a court [ ] cannot grant 'any effectual relief whatever' in favor of the [petitioner]," the proceeding should be dismissed as moot. *Calderon v. Moore*, 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996) (citation omitted).

As a result of Petitioner's removal on September 23, 2026, he is no longer subject to immigration detention or any other condition from which the Court can grant relief. Because no further relief can be given to Petitioner by the Court, the Petition is moot and must be dismissed for lack of jurisdiction. *See Calderon*, 518 U.S. at 150; *Ruvalcaba*, 167 F.3d at 521.

For the reasons discussed above, it is ORDERED that the Petition is denied as moot, and the Clerk is directed to enter Judgment accordingly.

DATED: October 21, 2026

HON. ANDRÉ BIROTTE JR.
United States District Judge